NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 6, 2019

Donald Moran, Esq.
Philip Feintuch, Esq.
Feintuch, Porwich & Feintuch
721 Newark Avenue
Jersey City, NJ 07306
*Attorneys for Plaintiff*

Kevin J. O'Connor, Esq.
Joseph M. Vento, Esq.
Peckar & Ambramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
*Attorneys for Defendant Donald Cicchetti*

Cherie L. Adams, Esq.
David Kalisky, Esq.
Adams Gutierrez & Lattiboudere, LLC
The Legal Center
1037 Raymond Boulevard, Suite 900
Newark, NJ 07102
*Attorneys for Defendant Jersey City Board of Education*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re: Dunbar v. Jersey City Board of Education a/k/a Jersey City Public Schools
Civil Action No. 18-17343 (SDW) (LDW)**

Counsel:

Before this Court are Defendant Donald Cicchetti ("Cicchetti") and Defendant Jersey City Board of Education a/k/a Jersey City Public Schools' ("JCBOE") (collectively, "Defendants") Motions to Dismiss Plaintiff Edward Dunbar's ("Dunbar" or "Plaintiff") Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 2, 6.) This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' motions.

**DISCUSSION**

    A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    B. Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff is a "man of color" who was, at all relevant times, employed as a painter by the JCBOE. (D.E. 1-1 ¶ 2.) On or about February 21, 2017, while working together on a painting crew, Plaintiff alleges that Cicchetti made racially discriminatory comments about him, suggesting that the crew could use Plaintiff's "nappy hair" instead of paint rollers. (*Id.* ¶ 5.) As a result of this incident, Plaintiff generally alleges he has "suffered embarrassment, humiliation, emotional distress, was demoralized and suffered the fear of another confrontation" with Cicchetti and attempted to avoid Cicchetti causing him to "suffer possible penalties for not attending to his assigned duties." (*Id.* ¶¶ 12-13.) Plaintiff further pleads that Cicchetti had "previously harassed and otherwise was guilty of insulting and discriminatory comments made to other employees" thus creating a hostile work environment, and that the JCBOE knew of, and "took no action to curb" those "unlawful actions." (*Id.* ¶¶ 7-8.) Plaintiff initially filed suit against Defendants in the Superior Court of New Jersey, Hudson County, Law Division, raising claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"). (*Id.* at 1.) Cicchetti, with consent of the JCBOE, removed that action to this Court. (D.E. 1.)

                                             A.

Before a plaintiff can bring a civil claim in court under Title VII, he or she must exhaust all appropriate administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976); *see also* 29 C.F.R. § 1614 (setting forth the administrative process for a Title VII claim). This requires that a complainant obtain a "right-to-sue letter" before bringing suit under the statute. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). "If a plaintiff brings suit

under Title VII . . . before receiving a 'right to sue letter,' the matter may be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies." *Horne v. A&M Med. Servs., LLC*, Civ. No. 17-3423, 2017 WL 2656021, at *2 n.1 (D.N.J. June 19, 2017); *see also* 29 C.F.R. §1614; 42 U.S.C. § 2000e-5(f)(1).

Plaintiff's Amended Complaint does not plead that he availed himself of any of the administrative remedies available to, and required of, him before filing suit in this Court, nor is a right-to-sue letter attached to the Amended Complaint.[1] Consequently, his Title VII claim must be dismissed.[2]

B.

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's NJLAD claim.[3] Further, this Court will direct the Clerk of the Court to remand this matter to the Superior Court of New Jersey, Law Division, Hudson County.

---

[1] Plaintiff contends that he "took actions and notified the Affirmative Action officer at the [JCBOE], attended [JCBOE] meetings to speak of the incident, went through his Councilwoman and the School Superintendent to seek redress" and filed an application with the EEOC which was "dismissed on August 14, 2018, reportedly due to insufficient information." (D.E. 9 at 1, 6-7.) However, even if true, these contentions are not part of the pleadings and are insufficient to show that Plaintiff exhausted his administrative remedies.

[2] Even if Plaintiff had exhausted his administrative remedies, his Amended Complaint fails to adequately set forth facts that support a claim for hostile work environment under Title VII. "To establish the existence of a hostile work environment under . . . Title VII, a plaintiff must prove: (1) that he suffered intentional discrimination because of his race; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same race in plaintiff's position; and (5) the existence of *respondeat superior* liability." *Charles v. Mott's LLP*, Civ. No. 17-2879, 2018 WL 20222794, at *3 (D.N.J. April 30, 2018); *see also Davis v. City of Newark*, 285 Fed. Appx. 899, 902 (3d Cir. 2008). Plaintiff has pled only a single instance of discrimination and has not alleged any specific cognizable detriment or damages.

[3] If this Court were to address the substance of Plaintiff's NJLAD claim, it would likely be dismissed pursuant to Rule 12(b)(6) as well. Because claims for a hostile work environment under the NJLAD "closely resemble the first four elements of [a] Title VII hostile work environment claim," the reasoning discussed above regarding Plaintiff's Title VII claim applies here. *Charles*, 2018 WL 20222794 at *4 (internal citations omitted).

**CONCLUSION**

Defendants' Motions to Dismiss are **GRANTED**.  The Clerk of the Court is directed to remand this matter to the Superior Court of New Jersey, Law Division, Hudson County.  An appropriate order follows.

          /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.